In re STONER.

(District Court, E. D. Pennsylvania. January 12, 1901.)

No. 782.

BANKRUPTCY—VESTING OF TITLE IN TRUSTEE.

Interest of a bankrupt in land of his mother, who died intestate on the same day, but several hours before, his petition was filed and the adjudication entered, vests in the trustee; Bankr. Act 1898, § 70, cl. "a," providing that the trustee, "on his appointment and qualification, * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt."

Hastings Gehr, for bankrupt.

J. Gilmore Fletcher, for trustee.

J. B. McPHERSON, District Judge. The question certified by the referee arises under the following facts: On November 8, 1900, at 6 o'clock in the morning, the mother of the bankrupt died, owning certain real estate, and at 11 o'clock of the same day his petition was filed and the adjudication was entered. The decedent died intestate, so that an interest in her real estate descended to the bankrupt, and the question presented to the court is whether this interest passed to the trustee upon his subsequent appointment and qualification, or whether the interest still belongs to the bankrupt. I have not had the benefit of an argument, either oral or written, and I am, therefore, unable to say upon what ground it is supposed that the title to the property has not passed to the trustee. My own examination of the subject has furnished me with no good reason in support of the position that the property is still vested in the bankrupt. If the question is to be decided according to the precise order of events, the adjudication laid its hand upon this property, for the bankrupt had become possessed of his interest, by virtue of the intestate laws, several hours before the petition was filed and the adjudication was entered. And the same result is reached if the decision should be governed by the rule that ordinarily no fractions of a day are regarded by the law, for it then appears that upon November 8th the bankrupt was the owner of an interest in real estate, and upon the same day was adjudicated a bankrupt; the ownership and the adjudication being at least coincident. The fact that the title remained in the bankrupt until the trustee was appointed and qualified is not important. By the express provision of section 70, cl. "a," Bankr. Act 1898, the trustee, "upon his appointment and qualification,

\* \* \* shall \* \* \* be vested by·operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt."

The trustee, therefore, is now vested with the bankrupt's title to the property in question, and may take such steps as he may find necessary to enforce his rights.